**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| BALL METAL BEVERAGE CONTAINER CORP., Plaintiff,<br><br>vs.<br><br>UNITED AUTOMOBILE AEROSPACE AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, LOCAL 129, Defendant. | CIVIL ACTION NO. 4:20-cv-00797 |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Ball Metal Beverage Container Corp. ("Ball Metal" or "Company"), through undersigned counsel, hereby petitions the Court for an Order vacating an arbitrator's award pursuant to Section 301 of the Labor Management Relations Act, as amended ("LMRA"), 29 U.S.C. § 185. In support of this Petition, Ball Metal shows the Court as follows:

**I.   INTRODUCTION**

This is an action to vacate the July 6, 2020 Arbitration Award of Arbitrator James M. O'Reilly ("Arbitrator O'Reilly"). The arbitration was to resolve a dispute about the discharge of Shawn Allen ("Allen"), a Chemical Process Maintainer ("CPM") at the Company's Fort Worth, Texas can plant. The issue brought to the arbitrator to decide was whether Ball Metal had proper cause to discharge Allen and, if not, what shall be the remedy. Following the Company's investigation into allegations that Allen harassed another employee after learning that the employee withdrew from the Union, berated him, and called him a "fucking scab," Allen was terminated for violating the Plant Rules and Company policy preventing harassment and discrimination.

1

The arbitrator's authority is limited by the language in the parties' collective bargaining agreement ("CBA"): "[t]he arbitrator shall have no power to add to or subtract from, to disregard or modify any part or all of the terms of this Agreement." (Article 5 "Grievance Procedure"). In his award, the arbitrator found that the Company had just cause to terminate Allen. Despite finding that the Company had just cause for termination, the arbitrator went outside the authority granted to him by the parties' CBA and ordered reinstatement. However, Article 4 of the CBA contains an express Management Rights provision which states that "… all functions of management not otherwise relinquished or limited shall remain vested exclusively in the Company, including ... [the right to] discharge employees for just cause…[.]" Article 6 ("Disciplinary Action Discharge") further makes clear that "[t]he right of the Company to discipline or discharge employees for good cause including violations of [the CBA] or Company rules is hereby acknowledged."

Once the arbitrator determined that the Company had just cause to terminate Allen, his inquiry should have ended there. By going beyond the just cause finding and ordering reinstatement, the arbitrator effectively rewrote the CBA and gutted the Company's exclusive contractual right to discharge employees for just cause. The arbitrator improperly dispensed his own brand of industrial justice, and the award therefore fails to draw its essence from the CBA. Accordingly, the award must be vacated.

**II.      JURISDICTION AND VENUE**

1. Jurisdiction is conferred upon this Court by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(c), 28 U.S.C. § 1331 (action arising under the Constitution, laws, or treaties of the United States), and 29 U.S.C. § 1337(a) (action arising under federal law regulating commerce).

2. Venue is proper in the Northern District of Texas, Fort Worth Division, pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), in that the duly

authorized officers and agents of the Union are engaged in representing or acting for employees in the Northern District of Texas.  Venue is also proper in the Northern District of Texas under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events giving rise to this action occurred in the jurisdictions that comprise the Northern District of Texas.

**III.    PARTIES**

3. Ball Metal is a beverage can plant in Fort Worth, Texas.  Ball Metal is a wholly owned subsidiary of Ball Corporation, engaged in metal beverage and aerosol packaging, with headquarters in Broomfield, Colorado.  Ball Metal is an employer within the meaning of Section 2(2) of the National Labor Relations Act, 29 U.S.C. § 152(2).

4. United Automobile Aerospace Agricultural Implement Workers of America, Local 129 (the "Union") is a labor organization with its principal place of business located in Detroit, Michigan.  The Union is a labor organization within the meaning of Section 2(5) of the National Labor Relations Act, 29 U.S.C. § 152(2).  The Union represents employees in industries affecting commerce, and maintains a place of business in Fort Worth, Texas.

5. The Union is the exclusive bargaining representative of Ball Metal factory employees who work at the beverage can plant in Fort Worth, Texas ("Bargaining Unit").

6. Ball Metal and the Union are parties to a CBA governing the terms and conditions of employment for the Bargaining Unit.  The relevant CBA between the Union and the Employer covers the period from January 16, 2017 to January 12, 2020.  A true and correct copy of the CBA is attached hereto at **Exhibit A**.

**IV.    FACTS**

   **A.    Applicable CBA Provisions**

7. Under the parties' CBA, "… all functions of management not otherwise relinquished or limited shall remain vested exclusively in the Company, **including ... [the right**

**to] discharge employees for just cause**…[.]" *See* Ex. A, Article 4 ("Management Rights") (emphasis supplied).

8.  Article 6 of the CBA further makes clear that "[t]he right of the Company to discipline or discharge employees for good cause including violations of [the CBA] or Company rules is hereby acknowledged." *See* Ex. A, Article 6 ("Disciplinary Action and Discharge").

9.  For grievances that proceed to arbitration, the CBA contains express limitations on an arbitrator's authority: "[t]he jurisdiction of the arbitrator shall be limited to interpreting or determining compliance with the terms of this Agreement. The arbitrator shall have no power to add to or subtract from, to disregard or modify any part or all of the terms of this Agreement." *See* Ex. A, Article 5 ("Grievance Procedure").

    **B.**    **Allen's Termination and Arbitrator O'Reilly's Award**

10. Allen worked as a Chemical Process Maintainer at the Fort Worth facility. Allen was a member of the Union, and also served as the elected Shop Chairman for the Union.

11. On or about June 28, 2019, Allen was terminated for violating the Company's Plant Rules and Policies, and the Company's Policy Against Discrimination, Harassment, and Retaliation after the Company learned that Allen berated and harassed a coworker, including calling the coworker a "fucking scab."

12. The Union filed a grievance over the termination, which proceeded to arbitration before Arbitrator O'Reilly on March 3, 2020. The issue before Arbitrator O'Reilly was whether the Company had just cause to terminate Allen, and if not, what is the appropriate remedy? *See* **Exhibit B**, Arbitrator's Award.

13. On July 6, 2020, Arbitrator O'Reilly issued his award, finding that the Company had just cause to terminate Allen. However, despite finding that the Company had just cause to

terminate Allen, Arbitrator O'Reilly ordered the Company to reinstate Allen's employment with full seniority, in contravention of Articles 4 and 6 of the parties' CBA.  *See* Ex. B, Award.

V. **CAUSE OF ACTION – VACATUR OF ARBITRATION AWARD UNDER 29 U.S.C. § 185**

14. Petitioner incorporates by reference the allegations contained in Paragraphs 1 through 13 above as if fully set forth herein.

15. Article 4 of the parties' CBA is unambiguous, and expressly provides that all functions of management not otherwise relinquished or limited shall remain vested exclusively in the Company, **including ... [the right to] discharge employees for just cause**…[.]"  *See* Ex. A, Article 4 ("Management Rights") (emphasis supplied).

16. Article 6 of the parties' CBA enforces this right, and provides that "[t]he right of the Company to discipline or discharge employees for good cause including violations of [the CBA] or Company rules is hereby acknowledged."  *See* Ex. A, Article 6 ("Disciplinary Action and Discharge").

17. In rendering his Award, the Arbitrator O'Reilly found that the Company had just cause to terminate Allen.

18. Arbitrator O'Reilly's inquiry should have ended there.  By finding just cause for termination and then ordering the Company to reinstate Allen, Arbitrator O'Reilly ignored the language in the parties' CBA that grants the Company the unlimited contractual right to discharge employees for just cause, effectively deleting those provisions and rewriting the agreement.

19. By rewriting the parties' agreement and ordering reinstatement, Arbitrator O'Reilly exceeded the express contractual limitations on his authority and fashioned his own brand of industrial justice.

20. Because Arbitrator O'Reilly's award rewrote the parties' agreement, and because Arbitrator O'Reilly exceeded the express contractual limitations placed on him by the parties' CBA, the award fails to draw its essence from the CBA and must be set aside.

## VI. RELIEF SOUGHT

WHEREFORE, Petitioner Ball Metal respectfully requests that this Court:

(a) Enter an Order vacating the Arbitrator's July 6, 2020 Award to the extent that the arbitrator exceeded his authority granted by the CBA and the parties' specific mandate of the scope of the issue assigned to him in this case by interjecting the subject of employment tenure in a manner that effectively abrogated his specific finding of the existence of just cause to terminate Grievant Allen's employment.

(b) Grant Ball Metal its costs incurred, including reasonable attorney's fees, in bringing this action; and

(c) Award Petitioner such other relief as the Court deems just and proper, including, but not limited to, affirmation of the Arbitrator's Award that the Petitioner had just cause to terminate the employment of Grievant Allen.

Dated: July 30, 2020                                    Respectfully submitted,

/s/ *John F. McCarthy, Jr.*
John F. McCarthy, Jr.
Texas State Bar No. 13374500
Barbi McClennen Lorenz
Texas State Bar No. 24102171

LITTLER MENDELSON
A Professional Corporation
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201-2931
214.880.8100 (Telephone)
214.880.0181 (Telecopier)
jmccarthy@littler.com
blorenz@littler.com

ATTORNEYS FOR PLAINTIFF
BALL METAL BEVERAGE CONTAINER CORP.

4826-0082-6819.2 095954.1000