UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| BALL METAL BEVERAGE CONTAINER CORP., | § § § |
| Plaintiff | § § |
| v. | §   CIVIL ACTION NO. 4:20-cv-00797-P § |
| UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, LOCAL 129, | § § § § § § |
| Defendant | § |

**DEFENDANT'S ANSWER**

To the Honorable United States District Judge:

Defendant United Automobile, Aerospace and Agricultural Implement Workers of America, Local 129 (*Union* or *Local 129*), files this Answer to Plaintiff's Original Complaint (*Complaint*) as follows.

**Preliminary Statement**

1.  With respect to the allegations of the unnumbered introductory paragraph of the Complaint, Local 129 admits that Plaintiff, Ball Metal Beverage Container Corp. (*Ball Metal* or *Company*), has brought this civil action seeking to vacate an arbitrator's award, but denies there is any legal or factual basis for vacation of such award.

2.  With respect to the allegations contained in three unnumbered paragraphs on pages 1 and 2 of the Complaint under the section heading *I. INTRODUCTION*, Local 129 admits that the Arbitration Award of James M. O'Reilly is the Award in dispute. The Union further admits that the issue before Arbitrator O'Reilly was whether the Company had just cause to discharge Shawn

**Defendant Local 129's Answer to Plaintiff's Original Complaint – Page 1**

Allen. The Union further admits that the arbitrator entered a final and binding Award resolving the discharge issue in accordance with the parties' collective bargaining agreement (*CBA*). Local 129 further admits that the arbitrator's authority is derived from the CBA. The remaining allegations set forth under the section heading *I. INTRODUCTION* are denied in that they are replete with legal conclusions and impermissible argument regarding Arbitrator O'Reilly's findings and award.

### Jurisdiction

3.      The Union admits the subject matter jurisdiction allegations of paragraph 1 of the Complaint.

### Venue

4.      The Union admits the venue allegations of paragraph 2 of the Complaint.

### Parties

5.      The Union admits the allegations of paragraph 3 of the Complaint.

6.      With respect to the allegations of paragraph 4 of the Complaint, Local 129 denies that its principal place of business is Detroit, Michigan. Local 129 is a local labor organization and its principal place of business is Fort Worth, Texas.

7.      Regarding the allegations in paragraph 5 of the Complaint, Local 129 admits that it is the exclusive representative of a bargaining unit of certain classifications of Ball Metal employees at the plant in Fort Worth, Texas, but the Union denies any suggestion that it represents all persons employed in the factory.

8.      Local 129 admits the allegations of paragraph 6 of the Complaint.

## Facts

9. Local 129 denies that the misleading language fragment quoted in paragraph 7 of the Complaint accurately characterizes the management rights clause since Article 4 expressly states there are other provisions of the CBA limiting such clause.

10. Local 129 admits the allegations of paragraph 8 of the Complaint.

11. Local 129 admits the allegations of paragraph 9 of the Complaint.

12. Local 129 admits the allegations of paragraph 10 of the Complaint.

13. With respect to the allegations of paragraph 11 of the Complaint, the Union admits that Ball Metal discharged Allen on or about June 28, 2019, for allegedly violating the Company's Plant Rules and Policies and the Company's anti-discrimination and harassment policy. The remaining allegations of paragraph 11 are denied.

14. Local 129 admits the allegations of paragraph 12.

15. With respect to the allegations of paragraph 13 of the Complaint, the Union admits that Arbitrator O'Reilly issued his Award on July 6, 2020, and directed the Company to reinstate Allen's employment with full seniority. The Union denies the remaining allegations set forth in paragraph 13.

16. With respect to paragraph 14 of the Complaint, Local 129 incorporates the admissions and denials set forth in paragraphs 1 through 15 above as if fully set forth herein.

17. Local 129 denies that the misleading language fragment quoted in paragraph 15 of the Complaint accurately characterizes the management rights clause since Article 4 expressly states that the clause is expressly limited by other contract provisions and that the clause shall not be exercised in any manner which would constitute a breach of any other Article of the CBA.

18. Local 129 admits the allegations of paragraph 16 of the Complaint.

19. The allegation in paragraph 17 of the Complaint that Arbitrator O'Reilly found that the Company had just cause to discharge Allen is taken out of context and misleading and, accordingly, this allegation is denied.

20. Local 129 denies the allegations of paragraph 18 of the Complaint.

21. Local 129 denies the allegations of paragraph 19 of the Complaint.

22. The allegations of paragraph 20 of the Complaint are denied.

23. With respect to the allegations in Section *VI, Relief Sought*, Local 129 denies the allegation in subsection (a) that Ball Metal is entitled to an order vacating the Award and further denies the remaining allegations of the subsection.

24. Local 129 denies the allegation in Section VI(b) of the Complaint that the Company is entitled to recover any attorney fees or costs incurred in this action.

25. With respect to the allegations in Section VI(c) of the Complaint, Local 129 denies that Arbitrator O'Reilly found that Ball Metal had just cause to discharge Grievant Allen and that the Company is entitled to any relief by this civil action. Local 129 admits that the Award should be affirmed and hence that Allen should be reinstated to his employment without back pay as found by Arbitrator O'Reilly.

26. Local 129 denies any allegations of the Complaint that are not expressly admitted herein.

### First Defense

27. The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

28. Ball Metal's claims are barred by the doctrine of waiver.

### Third Defense

29. Ball Metal's claims are barred by estoppel.

Wherefore, Defendant United Automobile, Aerospace and Agricultural Implement Workers of America, Local 129, prays that this civil action be dismissed, that Plaintiff take nothing by its action, that Defendant be awarded attorney fees and costs, and that Defendant have such other and further relief as set forth in its Counterclaim.

### COUNTERCLAIM

Counter-Plaintiff, United Automobile, Aerospace and Agricultural Implement Workers of America, Local 129, complains of Counter-Defendant, Ball Metal Container Corp, as follows.

### Preliminary Statement

1. This is an action arising under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, to enforce an Arbitration Award under the parties' collective bargaining agreement.

### Parties

2. Local 129 is a local labor organization based in Fort Worth, Texas, that is engaged in the representation of employees concerning wages, hours, and other terms and conditions of employment. Local 129 is affiliated with United Automobile, Aerospace and Agricultural Implement Workers of America, an international labor organization engaged in representing or acting for employees in an industry affecting interstate commerce as defined in the National Labor Relations Act, as amended (29 U.S.C. §§ 142(1), (3), and 152(5), (6) and (7)).

3. Ball Metal is a wholly-owned subsidiary of Ball Corporation with headquarters in Broomfield, Colorado. Ball Metal operates a beverage can plant in Fort Worth, Texas. Ball Metal is an employer in an industry affecting interstate commerce within the meaning of Section 2(2) of the National Labor Relations Act, 29 U.S.C. § 152(2).

## Jurisdiction

4. The Court has subject matter jurisdiction pursuant to 29 U.S.C. § 185(c), 28 U.S.C. § 1331, and 29 U.S.C. § 1337(a).

## Venue

5. Venue is proper in this judicial district under 29 U.S.C. § 185(a) in that this civil action "may be brought in any district court of the United States having jurisdiction of the parties." And the collective bargaining agreement in dispute covers employees represented by Local 129 in the Northern District of Texas.

## Facts

6. Local 129 is the exclusive bargaining representative of a unit of hourly-rated employees of Ball Metal at its plant in Fort Worth, Texas. The unit is comprised of all production and maintenance employees and excludes office clerical employees, storeroom attendants, quality assurance technologists, professional employees, guards and supervisors as defined in the National Labor Relations Act.

*Collective Bargaining Agreement*

7. The applicable collective bargaining agreement (*CBA*) was in full force and effect in accordance with its terms from January 12, 2017 to January 17, 2020. At all relevant times the agreement governed the wages, hours of work, and other terms and conditions of employment of the unit employees represented by Local 129. A copy of the CBA is attached as Exhibit A to the Complaint and is incorporated herein by reference.

8. Article 4 of the CBA contains a standard management rights provision that is limited by various other provisions of the agreement. This article states in pertinent part:

> Except as otherwise expressly limited by this Agreement, all functions of management not otherwise relinquished or limited shall remain vested exclusively

>in the Company, including, but not limited to … hire, discipline, or discharge employees for just cause; … provided that these rights shall not be exercised in any manner which would constitute a breach of any other Article of this Agreement.

9. Article 5 sets forth the parties' grievance and arbitration procedures. This article provides that the Union, on behalf of any represented employee or group of employees, may submit any disputes, complaints or grievances arising from alleged violations or interpretations of the agreement by the Company to the negotiated grievance procedure.

10. In the event a grievance is not resolved by the parties, the Union may submit the dispute to final and binding arbitration by selecting an arbitrator from a panel of seven arbitrators presented by the Federal Mediation and Conciliation Service. Article 5 stated in pertinent part:

>The decision of the arbitrator shall be final and binding on all parties. The jurisdiction of the arbitrator shall be limited to interpreting or determining compliance with the terms of this Agreement. The arbitrator shall have no power to add to or subtract from, to disregard or modify any part or all of the terms of this Agreement. . .

11. Any arbitrator whom the parties select to resolve a dispute under the CBA is empowered to rule on all disputes pertaining to the interpretation or application of the contract under Article 5. There is no appeal from an arbitrator's decision, which is final and binding on the parties as long as the decision and award arguably draws its essence from the contract.

*Shawn Allen Discharge*

12. Shawn Allen worked as a Chemical Process Maintainer at the Fort Worth plant. Allen was a Union member and official as an elected Shop Chairman for Local 129. Allen is very knowledgeable of the CBA and the parties' bargaining history, and he is a strong, effective, and outspoken Union leader.

13. On June 28, 2019, Ball Metal discharged Allen for allegedly calling a co-

worker a "fucking scab" in violation of a plant rule. Allen denied the allegation.

*Discharge Grievance and Arbitration*

14.     Local 129 filed a grievance contesting the discharge decision and the parties failed to resolve the dispute in the various steps of the negotiated grievance procedure.

15.     In accordance with Article 5 of the CBA, the Union invoked arbitration in a timely manner. The Federal Mediation and Conciliation Service administered the arbitration in Case No. 19-10984.

16.     The parties selected James M. O'Reilly as Arbitrator from a panel presented by FMCS. Arbitrator O'Reilly has had a long and distinguished career with various published awards, and he is regarded as one of the preeminent labor arbitrators in the country. At all times Arbitrator O'Reilly was a neutral and independent decision-maker under the CBA.

17.     On March 3, 2002, Arbitrator O'Reilly conducted a hearing on the labor dispute in Fort Worth, Texas. Jeff Hall, International Union Representative, represented Local 129. Robert McClelland, Associate General Counsel, Ball Corporation, represented the Company. The parties' representatives presented extensive testimonial and documentary evidence and arguments. They also submitted post hearing briefs on April 25, 2020.

18.     Local 129 requested the Arbitrator to grant the grievance and reinstate Allen with back pay and restoration of all seniority rights. Ball Metal requested the Arbitrator to deny the grievance and sustain the discharge.

*Arbitration Award*

19.     On July 6, 2020, Arbitrator O'Reilly rendered an opinion and award granting the grievance in part. A copy of the Award is attached to the Complaint as Exhibit B and is incorporated herein by reference for all purposes.

20. Arbitrator O'Reilly acknowledged unequivocally that his authority was derived from the CBA and that his Award is based on the contract, as follows:

> The Arbitrator's authority is derived by the Collective Bargaining Agreement (CBA) Article 5, Section 1 which limits the Arbitrator's authority to: ... interpreting or determining compliance with the terms of the Agreement. The Arbitrator shall have no power to add to or subtract from, to disregard or modify any part of all the terms of the Agreement.
>
> Additionally, Article 23 Entire Agreement of the CBA provides that (CX-1):
>
> The Agreement sets forth the entire Agreement of the parties and neither the Company nor the Union intends to be bound except as provided herein.

21. Arbitrator O'Reilly found, among other things, that Ball Metal had just cause to discipline Allen as follows:

> Under the parties' CBA, the Arbitrator concludes that the company had proper cause to discipline the Grievant for violation of the Company's Discrimination, Harassment, and Retaliation Policy (CX-4) and Plant Rules no. 21 which states "Harassment of others including those of a sexual nature, racial nature, a religious nature or any activity that can be construed as harassment. The Grievant's conduct created the violations and he alone must bear the repercussions. Besides the CBA and Company Policy his conduct violated the Preamble of the CBA where it states in part that, "It is the intent and purpose of the parties to this Agreement to promote a cooperative and progressive industrial and economic relationship between the Company and its employees."

22. Arbitrator O'Reilly further found under the CBA that just cause included consideration of Allen's years of service and work record as stated below:

> The Arbitrator is of the opinion, however, that while the Company's decision to terminate the Grievant was for just cause, the Arbitrator must give some recognition to his thirteen (13) years of service. Accordingly, based upon all the previous discussion the termination decision is modified in the following AWARD. The Arbitrator has reviewed all the arguments of the parties, even though not discussed, in reaching this decision.

23. Accordingly, Arbitrator O'Reilly issued an Award stating that "Shawn Allen was not terminated for proper cause" and that the discharge shall be reduced to a suspension from the date of discharge until the date the grievant returns to work, that he will be offered immediate reinstatement without back pay or benefits, and that he will retain his seniority, and that any failure

to return to work within 15 days of his return date will nullify the Award.

24. The Award clearly reflects Arbitrator O'Reilly's interpretation and application of the relevant provisions of the CBA so he acted within the scope of his authority under the contract. Thus, the Award draws its essence from the agreement.

25. The Award is final and binding in accordance with the terms and conditions of the Article 5 of the CBA.

### *Ball Metal's Refusal to Comply with Award*

26. At various times Union representatives have requested Ball Metal to comply with the Award. At all times since the Award was issued, Ball Metal has failed to comply with the decision in any respect. The Company has refused at all relevant times, and it refuses now, to reinstate Allen to his employment or expunge its personnel records of the improper discharge decision.

27. Ball Metal's refusal to comply with the Arbitrator's decision violates the Preamble, Article 5, Article 23, and other relevant provisions of the CBA.

### *Shawn Allen's Financial Losses and Union's Attorney Fees and Costs*

28. By reason of Ball Metal's repudiation of the Award and ongoing contractual violations, Shawn Allen has sustained past lost wages and employment benefits, and in reasonable probability he will sustain future lost wages and benefits.

29. As a direct result of Ball Metal's willful contract violations, Local 129 has been forced to incur attorney fees and other case expenses to defend the Company's civil action and prosecute this counterclaim to enforce Arbitrator O'Reilly's Award.

### Count One – Confirmation and Enforcement of Arbitration Award

30. Local 129 re-alleges paragraphs 1 to 29, inclusive, with the same force and effect as though the paragraphs were fully set forth herein verbatim.

31. Local 129 has breached Article 5 and other provisions of the CBA by refusing to comply with Arbitrator O'Reilly's final and binding Award.

32. The Award should be confirmed and enforced in accordance with 29 U.S.C. § 185. Accordingly, Local 129 is entitled to a judgment that Arbitrator O'Reilly's Award is final and binding on the parties and that enforces the decision in all respects.

33. Local 129 is entitled to recover attorney fees incurred in this civil action with interest thereon and costs in accordance with 29 U.S.C. § 185.

### Prayer

Wherefore, Counter-Plaintiff United Automobile, Aerospace and Agricultural Implement Workers of America, Local 129 requests that, upon final hearing, the Court:

1. Enter judgment for Local 129 declaring that Arbitrator O'Reilly's Award is final and binding on the parties, and ordering Ball Metal to comply with the Award in all respects;

2. Order Ball Metal to reinstate Shawn Allen to his former position with all back pay and benefits lost since July 6, 2016, the date of the Award;

3. Award attorney fees and costs to Local 129; and

3. Grant Local 129 such other and further relief as may be necessary and proper.

Dated September 3, 2020.   Respectfully submitted,

/s/ *Rod Tanner*
**Rod Tanner**
Texas Bar No. 19637500
**Tanner and Associates, PC**
6300 Ridglea Place, Suite 407
Fort Worth, Texas 76116-5706
817.377.8833 (office)
rtanner@rodtannerlaw.com

**Certificate of Service**

In accordance with Fed. R. Civ. P. 5(d), the undersigned attorney certifies that on September 3, 2020, a copy of the foregoing document was served on Plaintiff/Counter-Defendant's attorneys of record, shown below, via the Court's electronic case filing system.

> John F. McCarthy, Jr.
> jmccarthy@littler.com
> Barbi McClennen Lorenz
> blorenz@littler.com
> Littler Mendelson
> A Professional Corporation
> 2001 Ross Avenue
> Suit 1500, Lock Box 116
> Dallas, Texas 75201-2931

> /s/ *Rod Tanner*
> **Rod Tanner**