# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| BALL METAL BEVERAGE CONTAINER CORP., Plaintiff/Counter-Defendant,<br><br>vs.<br><br>UNITED AUTOMOBILE AEROSPACE AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, LOCAL 129, Defendant/Counter-Plaintiff. | CIVIL ACTION NO. 4:20-cv-00797-P |

### PLAINTIFF'S ANSWER AND DEFENSES TO COUNTERCLAIM

COMES NOW, Plaintiff/Counter-Defendant Ball Metal Beverage Container Corp. ("Ball Metal"), through its undersigned counsel, and hereby files its answer to Defendant/Counter-Plaintiff United Automobile Aerospace Agricultural Implement Workers of America, Local 129's ("Local 129") Counterclaim [Doc. No. 9], and submits its answer and responses to the allegations contained in the Counterclaim in numbered paragraph order as delineated in the text. Unless specifically admitted herein, the allegations contained in the Counterclaim are denied.

### Preliminary Statement

1. Ball Metal admits that Local 129 has filed a counter claim under Section 301 of the Labor Management Relations Act to enforce an Arbitration Award under the parties collective bargaining agreement, but denies the enforceability of the Award.

### Parties

2. Ball Metal admits the allegations of paragraph 2 of the Counterclaim.

3. Ball Metal admits the allegations of paragraph 3 of the Counterclaim.

### Jurisdiction

4.     Ball Metal admits the subject matter jurisdiction allegations of paragraph 4 of the Counterclaim.

### Venue

5.     Ball Metal admits the venue allegations of paragraph 5 of the Counterclaim.

### Facts

6.     Ball Metal admits the allegations of paragraph 6 of the Counterclaim.

7.     Ball Metal admits the allegations of paragraph 7 of the Counterclaim.

8.     With respect to the allegations of paragraph 8 of the Counterclaim, Ball Metal admits that Article 4 of the CBA contains the quoted language, but denies the characterization of that provision by the Union, and therefore denies the remaining allegations set forth in the paragraph.

9.     With regard to the allegations of paragraph 9, Ball Metal admits that Article 5 of the CBA contains the parties' grievance and arbitration procedures. The Article stands for itself, and all remaining allegations set forth in paragraph 9 are denied.

10.    With regard to the allegations of paragraph 10 of the Counterclaim, Ball Metal admits that Article 5 of the CBA contains the quoted language, but denies any characterization of that provision by the Union, and therefore denies the remaining allegations set forth in the paragraph.

11.    With regard to the allegations of paragraph 11 of the Counterclaim, the paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, the allegations of paragraph 11 are denied.

12.    With regard to the allegations of paragraph 12 of the Counterclaim, Ball Metal admits that Shawn Allen worked as a Chemical Process Maintainer at the Fort Worth plant; that

he was a Union member and official as an elected Shop Chairman for Local 129. The remaining allegations of paragraph 12 are denied.

13. With regard to the allegations of paragraph 13 of the Counterclaim, Ball Metal admits that on or about June 28, 2019, the Company discharged Allen for conduct that included calling a co-worker a "fucking scab" in violation of a plant rule and also admits that Allen denied doing so. Ball Metal denies the remaining allegations of paragraph 13 to the extent that the verbiage casts doubt on the truthfulness of any allegations against Allen.

14. Ball Metal admits the allegations of paragraph 14 of the Counterclaim.

15. Ball Metal admits the allegations of paragraph 15 of the Counterclaim.

16. Ball Metal admits the allegations of paragraph 16 of the Counterclaim, with regard to the selection of James M. O'Reilly as the Arbitrator. The remaining allegations regarding the characterization of O'Reilly's reputation, experience, and neutrality are simply subjective characterizations or opinions, and are therefore denied.

17. Ball Metal admits the allegations of paragraph 17 of the Counterclaim.

18. Ball Metal admits the allegations of paragraph 18 of the Counterclaim.

19. Ball Metal admits the allegations of paragraph 19 of the Counterclaim.

20. With regard to the allegations of paragraph 20 of the Counterclaim, the paragraph consists of legal conclusions, to which no response is required. The language of the CBA stands for itself. To the extent a response is deemed required, the allegations of paragraph 20 are denied.

21. Ball Metal admits the allegations of paragraph 21 of the Counterclaim.

22. With regard to the allegations of paragraph 22 of the Counterclaim, the paragraph consists of legal conclusions, to which no response is required. The language of the Award stands for itself, and Ball Metal denies allegations of paragraph 22 which improperly characterize the

Arbitrator's Award. To the extent a response is deemed further required, the allegations of paragraph 22 are denied.

23. With regard to the allegations of paragraph 23 of the Counterclaim, the paragraph consists of legal conclusions, to which no response is required. The language of the Award stands for itself. To the extent a response is deemed required, the allegations of paragraph 23 are denied.

24. Ball Metal denies the allegations of paragraph 24 of the Counterclaim.

25. Ball Metal denies the allegations of paragraph 25 of the Counterclaim.

26. With regard to the allegations of paragraph 26 of the Counterclaim, Ball Metal admits that it has not yet complied with the Award, as a result of its decision to file its Original Complaint with this Court. To the extent the allegations of the paragraph imply that Ball Metal was not legally entitled to challenge the Award in this Court, Ball Metal denies all remaining allegations contained in paragraph 26 of the Counterclaim.

27. Ball Metal denies the allegations of paragraph 27 of the Counterclaim.

28. Ball Metal denies the allegations of paragraph 28 of the Counterclaim.

29. Ball Metal denies the allegations of paragraph 29 of the Counterclaim.

**Count One – Confirmation and Enforcement of Arbitration Award**

30. With regard to paragraph 30 of the Counterclaim, Ball Metal admits that Local 129 re-alleges its allegations contained in paragraphs 1 to 29, incorporating them herein. With regard to paragraphs 1 to 29, Ball Metal incorporates its responses with the same force and effect as if were fully set forth herein.

31. Ball Metal denies the allegations of paragraph 31 of the Counterclaim.

32. Ball Metal denies the allegations of paragraph 32 of the Counterclaim.

33. Ball Metal denies the allegations of paragraph 33 of the Counterclaim.

## Prayer

With regard to paragraphs 1 to 4 of Local 129's Prayer, Ball Metal denies that Local 129 is entitled to any such relief. Further, Ball Metal denies that the date of the Award in question is July 6, 2016, as stated in Paragraph 2 of the prayer, and denies Shawn Allen is entitled to any benefits since the erroneously stated date.

## **DEFENSES TO COUNTERCLAIM**

1. Ball Metal has fully complied with the terms of the Collective Bargaining Agreement ("CBA") in effect between the Parties at all times.

2. Ball Metal has not failed to comply with the Award, but has exercised its appeal rights which grant this Court jurisdiction pursuant to 29 U.S.C. § 185(c), 28 U.S.C. § 1331, and 29 U.S.C. § 1337(a).

3. Ball Metal has acted at all times in good faith with regard to compliance with the terms of the CBA, including Article 5, and Local 129 is not entitled to recover attorney fees in this action.

## **PRAYER**

WHEREFORE, Ball Metal prays that this Court enter judgment in their favor and find that Defendant and Counter-Plaintiff, Local 129 take nothing, dismiss Local 129's Counterclaims with prejudice, and award Ball Metal all proper, reasonable and necessary attorneys' fees, costs, and such other and further relief as may be justified in this action.

Dated: September 21, 2020	Respectfully submitted,

/s/ *John F. McCarthy, Jr.*
John F. McCarthy, Jr.
Texas State Bar No. 13374500
Barbi McClennen Lorenz
Texas State Bar No. 24102171

LITTLER MENDELSON
A Professional Corporation
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201-2931
214.880.8100 (Telephone)
214.880.0181 (Telecopier)
jmccarthy@littler.com
blorenz@littler.com

ATTORNEYS FOR PLAINTIFF/COUNTER-DEFENDANT BALL METAL BEVERAGE CONTAINER CORP.

## CERTIFICATE OF SERVICE

On September 21, 20202, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas and electronically served same, using the Case Management/Electronic Case Filing (CM/ECF) system of the Court.  The CM/ECF system sent a Notice of Electronic Filing to the following counsel of record, who has consented in writing to accept service of this document by electronic means:

Rod Tanner
TANNER AND ASSOCIATES, P.C.
6300 Ridglea Place, Suite 407
Fort Worth, Texas 76116-5706
rtanner@rodtannerlaw.com

 */s/ John F. McCarthy, Jr.*
 John F. McCarthy, Jr.